UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3211
_____

GUY WILMOT,
                    Appellant

v.

MARRIOTT HURGHADA MANAGEMENT, INC.,
a Delaware corporation; MARRIOTT INTERNATIONAL,
INC., a Delaware corporation


_____


On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-15-cv-00618)
District Judge: Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2017

Before: CHAGARES, SCIRICA, and FISHER, <u>Circuit Judges</u>

(Filed: October 13, 2017)



_____


OPINION[*]
_____

SCIRICA, *Circuit Judge*.

Guy A. E. Wilmot appeals the order of the United States District Court for the District of Delaware dismissing his complaint for *forum non conveniens*. We will affirm.[1]

**I.**

This case stems from an alleged poolside injury that Guy Wilmot, a citizen and resident of the United Kingdom, suffered during a vacation at the Marriott Resort in Hurghada, Egypt. After the injury, Wilmot underwent surgery for a broken shoulder in Egypt, and sought further treatment from doctors and physical therapists in the United Kingdom. Those who witnessed the incident, assisted Wilmot afterward, and medically treated his injuries all remain in either Egypt or the United Kingdom. Any medical records generated from Wilmot's care are in either Egypt or the United Kingdom as well.

Wilmot brought this action in the District of Delaware against Marriott Hurghada Management, Inc., and its parent Marriott International, Inc., (collectively "Marriott"), both Delaware corporations with principal places of business in Bethesda, Maryland.

In response, Marriott filed a motion to dismiss for *forum non conveniens*, contending Egypt was a more appropriate forum for resolving this case. Marriott agreed to accept service of process in Egypt and consent to the Egyptian courts' jurisdiction. Marriott also submitted an affidavit by Tarek Ahmed Roushdy Ezzo, Managing Partner of the Egyptian law firm Ezzo Advocates, which attested Wilmot's claim would be cognizable in Egyptian courts. After Wilmot responded, Marriott's reply also offered the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

United Kingdom as an available and adequate alternative forum. Marriott agreed to accept service of process in the United Kingdom and to waive any jurisdictional or statute-of-limitations defenses to claims brought there. Wilmot sought and received leave to file a sur-reply responding to the points raised in Marriott's reply.

The District Court found little indication that Wilmot, a foreign plaintiff, chose the District of Delaware based on convenience and consequently afforded that choice "significantly less deference" than the presumption of convenience usually afforded to a plaintiff's forum choice. The District Court then determined Egypt and the United Kingdom were adequate alternative fora available for resolving Wilmot's claims. And after weighing relevant public and private interests and concluding that trial in the District of Delaware would unduly inconvenience the parties compared with resolution in Egypt or the United Kingdom, the District Court granted Marriott's motion to dismiss for *forum non conveniens*.

Wilmot appealed.

## II.

The doctrine of *forum non conveniens* places within a district court's discretion the option of "resist[ing] imposition upon its jurisdiction," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), when trial would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013); *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189 (3d Cir. 2008). We have outlined four factors to guide district courts'

3

exercise of discretion: "(1) the amount of deference to be afforded to [plaintiff's] choice of forum; (2) the availability of an adequate alternative forum where defendants are amenable to process and [plaintiff's] claims are cognizable; (3) relevant 'private interest' factors affecting the convenience of the litigants; and (4) relevant 'public interest' factors affecting the convenience of the forum." *Kisano Trade & Invest*, 737 F.3d at 873 (footnote omitted).

When reviewing a district court's decision on a *forum non conveniens* motion, "[o]ur scope of review . . . is limited." *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 631 (3d Cir. 1989). In evaluating such motions, "the district court is accorded substantial flexibility . . . , and '[e]ach case turns on its facts.'" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988) (alteration in original) (citation omitted) (quoting *Williams v. Green Bay & W. R.R. Co.*, 326 U.S. 549, 557 (1946)). "The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). Such a determination "may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.*

### III.

Wilmot asserts the District Court abused its discretion in three respects. He contends the District Court abused its discretion by affording his choice of forum less deference than the strong presumption of convenience a plaintiff's forum choice generally enjoys; by determining Egypt and the United Kingdom are both adequate fora

4

for resolving this case; and by concluding the private and public interests in this case warrant dismissal.

## A.

We first consider whether the District Court abused its discretion by affording Wilmot's forum choice "significantly less deference" than is ordinarily afforded a plaintiff's choice of forum. Ordinarily, a domestic plaintiff's choice of forum enjoys "a strong presumption of convenience," *Windt*, 529 F.3d at 190, but for foreign plaintiffs "the choice of a United States forum 'deserves less deference,'" *Kisano Trade & Invest*, 737 F.3d at 874 (quoting *Piper Aircraft*, 454 U.S. at 256). This approach stems from the inquiry's emphasis on convenience and a recognition that a foreign plaintiff's choice to bring a case in the United States is less likely to be based on convenience. *See Lony*, 886 F.2d at 634 (explaining "the reason for giving a foreign plaintiff's choice less deference is not xenophobia, but merely a reluctance to assume that the choice is a convenient one"). Indeed, "the touchstone inquiry regarding the level of deference owed a plaintiff's choice of forum is not the 'citizenship or residence of the parties,' but the convenience of the forum." *Kisano Trade & Invest*, 737 F.3d at 875 (quoting *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 73 (2d Cir. 2003)).

Here, the District Court accorded Wilmot's choice of forum "significantly less deference," because his choice lacked evidence of being based on convenience. Wilmot submits the District Court abused its discretion because it "utilized the wrong legal standard and accorded Plaintiff's forum choice with no deference whatsoever." Appellant Br. at 20.

5

We disagree. The District Court reasonably observed "[t]he alleged injury occurred in Egypt at an Egyptian hotel, in the presence of witnesses from the United Kingdom and Egypt." App. at 6a. Furthermore, Wilmot's medical treatment took place in Egypt and the United Kingdom. Indeed, the lawsuit's only connection to the District of Delaware is that it is the defendants' place of incorporation. The District Court acted within its sound discretion when it determined Wilmot's choice of forum found little basis in convenience and when it consequently afforded that choice less deference than the ordinary presumption of convenience.

**B.**

A successful *forum non conveniens* motion also requires the availability of an adequate alternative forum, *Piper Aircraft,* 454 U.S. at 254, and Wilmot contends there is no adequate alternative available. An alternative forum is available if all defendants are amenable to process there. *Id.* at 254 n.22. An alternative forum is generally adequate if the plaintiff's claim is cognizable in the forum's courts. *Id.* If the claim is cognizable in the alternative forum, that forum will only be inadequate in the "rare circumstances," *id.*, in which "the remedy provided . . . is so clearly inadequate or unsatisfactory that it is no remedy at all," *id.* at 254.

The District Court concluded two adequate alternative fora are available: the United Kingdom and Egypt. Marriott has consented to jurisdiction and service of process in both countries, and has agreed to waive any jurisdictional or statute-of-limitations defenses as well. Both fora are available.

6

In terms of adequacy, Wilmot offers no authority refuting the District Court's determination that this tort action would be cognizable in the United Kingdom's courts. Nor does he suggest the United Kingdom's remedy for a claim like this is "so clearly inadequate or unsatisfactory that it is no remedy at all," *id.* at 254. The District Court's determination that the United Kingdom is an adequate alternative forum is well within its sound discretion.[2]

With regard to Egypt, Wilmot asserts the District Court erroneously relied on the affidavit by Mr. Ezzo, the Egyptian attorney, to determine Wilmot's claim would be cognizable in Egyptian courts. But Wilmot offers no evidence to rebut that conclusion. He cites no authority indicating Egyptian courts would either not hear his claim or provide a grossly inadequate remedy. Wilmot offers no evidence or reason to question the District Court's conclusion that Egyptian courts would hear his negligence claim against Marriott.

Wilmot also contends terrorism and corruption render Egypt's courts inadequate. In support he cites a collection of reports, news articles, and diplomatic advisories that

---

[2] Wilmot asserts the District Court abused its discretion by considering the United Kingdom as an adequate alternative forum, Appellant's Br. at 39, contending Marriott violated the District of Delaware's Local Civil Rule 7 by raising the issue for the first time in its reply brief. *See* D. Del. R. 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). Wilmot was offered a full and fair opportunity to respond to the United Kingdom as an alternative in his sur-reply and to invoke the District of Delaware's local rules before the District Court. Since the District Court considered the adequacy of United Kingdom as a forum notwithstanding its own local rule, we decline to take up the rule as a basis for overturning the District Court's conclusion. *See United States v. Kingston*, 922 F.2d 1234, 1240 (6th Cir. 1990) ("We do not ordinarily enforce local rules of practice when the district court . . . does not enforce them.").

highlight recent terrorist activity in Egypt and instability within the country's government. Despite the ongoing situation those articles and advisories describe, Wilmot does not offer any evidence that he, in particular, would face specific danger by resolving his case there. *See Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 13 (1st Cir. 2000) (endorsing District Court's determination Colombia provided adequate alternative forum despite State Department warnings against travel there because "no particularized evidence [showed] that travel to Colombia would imperil [plaintiffs]"). And the instances of corruption that Wilmot cites do not show Egypt's court system as a whole is corrupt, much less that it is "so corrupt that it can't serve as an adequate forum." *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). In determining Egypt could serve as an adequate alternative forum, the District Court acted within its sound discretion.

Finally, Wilmot suggests the District Court abused its discretion by failing to condition dismissal on Marriott's waiver of jurisdictional and statute-of-limitations defenses in an alternative forum. Conditional dismissals are common in cases dismissed on *forum non conveniens* grounds. *See, e.g.*, *Dahl v. United Techs. Corp.*, 632 F.2d 1027, 1029 (3d Cir. 1980). For its part, Marriott appears to view such conditions as implicit in the District Court's order, asserting Wilmot could seek relief before the District Court if Marriott failed to fulfill its aforementioned assurances. Appellees' Br. at 16–17. The parties' views appear to overlap in considering Marriott as bound by its commitment to "waive any jurisdictional or other legal obstructions that may impede [plaintiff's] case" in an alternative forum, App. at 7a (citations omitted), and the District Court's opinion

8

explicitly outlines those commitments. Accordingly, we interpret the District Court's dismissal as conditional on Marriott's acceptance service of process in an alternative forum and Marriott abiding by its commitment not to raise a jurisdictional or statute-of-limitations defense there.

## C.

We turn next to the District Court's weighing of the relevant public and private interests to determine whether trial would cause "oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." *Koster*, 330 U.S. at 524. "Private interests to consider include the ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential obstacle impeding an otherwise easy, cost-effective, and expeditious trial." *Kisano Trade & Invest*, 737 F.3d at 873 (citing *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 296 (3d Cir. 2010)). "Public interests include administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty." *Id.*

The District Court did not abuse its discretion by concluding the relevant interests weigh against resolving this claim in the District of Delaware. Beginning with the private interests, nearly all witnesses, evidence, and other sources of proof are outside the United States. The case involves an alleged accident in Egypt, suffered by a British citizen and resident whose injuries were treated by Egyptian and British doctors. The only offered

9

witnesses and sources of proof in the United States are potentially relevant records and personnel in Delaware or Maryland. Between witnesses, additional sources of proof, and other practicalities, the District Court acted within its sound discretion by concluding these interests weigh against trial in Delaware. The District Court also reasonably concluded the public interests weighed against the District of Delaware. The site of the hotel and accident is Egypt, and Wilmot is a citizen and resident of the United Kingdom. Other than being Marriott's place of incorporation, the District of Delaware has little interest in resolving this case compared to Egypt or the United Kingdom. The District Court acted within its sound discretion in concluding those interests weigh against the District of Delaware.

## IV.

The District Court reasonably considered of the proper deference to Wilmot's forum choice, the adequacy of Egypt and the United Kingdom as alternative fora, and the relevant private and public interests. Given the conditions to which Marriott agreed, the District Court decided dismissal was warranted on *forum non conveniens* grounds. That decision was within the District Court's sound discretion. We will affirm the District Court's judgment dismissing for *forum non conveniens*.